**THERESE S. HARRIS (SBN 246711)**
THERESE HARRIS LAW OFFICES
P.O. Box 5084
Paso Robles, CA 93447
Telephone: 805-369-2053
Facsimile:   805-426-9375
Email: tharris@tharrislawoffice.com

Attorney for Plaintiff, ARNOLD PAUL MARTINEZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD PAUL MARTINEZ, an individual, <br><br>         Plaintiff, <br><br>      vs. <br><br> CREATIVE RECOVERY CONCEPTS INC.; FRANKLIN J. LOVE; JP MORGAN CHASE BANK; and DOES 1 through 60 inclusive, <br><br>         Defendants. | CASE NO: <br><br> COMPLAINT FOR DAMAGES <br><br> DEMAND FOR JURY TRIAL |

      Plaintiff ARNOLD PAUL MARTINEZ ("Plaintiff"), by and through his attorney, Therese S. Harris of Therese Harris Law Offices, as and for his Complaint against the Defendants CREATIVE RECOVERY CONCEPTS INC. (hereinafter referred to as "Defendant(s)" and/or "CRC"); FRANKLIN J. LOVE (hereinafter referred to as "Defendant(s)" or "LOVE"); JPMORGAN CHASE BANK (hereinafter referred to as "Defendant(s)" or "CHASE"; and DOES 1 through 60 inclusive, (hereinafter referred to as "Defendant(s)" or "Does"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

    1.     Plaintiff brings this action on his own behalf for damages, statutory

1   damages, injunction relief, attorney fees and costs brought by an individual consumer
2   for Defendant's violation(s) of *§1692 et seq. of Title 15 of the United States Code*,
3   commonly referred to as the Fair Debt Collections Practices Act (hereinafter
4   "<u>FDCPA</u>"), the *Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et*
5   *seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive,
6   deceptive and unfair practices, **(*Business & Professions Code §17200, et seq.*)**,
7   Conversion, Breach of Contract and Intentional Infliction of Emotional Distress.

8         2.      According to *15 U.S.C. §1692*:

9             a.      There is abundant evidence of the use of abusive, deceptive, and
10  unfair debt collection practices by many debt collectors.  Abusive debt collection
11  practices contribute to the number of personal bankruptcies, to marital instability, to
12  the loss of jobs, and to invasions of individual privacy.

13            b.      Existing laws and procedures for redressing these injuries are
14  inadequate to protect consumers.

15            c.      Means other than misrepresentation or other abusive debt
16  collection practices are available for the effective collection of debts.

17            d.      Abusive debt collection practices are carried on to a substantial
18  extent in interstate commerce and through means and instrumentalities of such
19  commerce.  Even where abusive debt collection practices are purely intrastate in
20  character, they nevertheless directly affect interstate commerce.

21            e.      It is the purpose of this title to eliminate abusive debt collection
22  practices by debt collectors, to ensure that those debt collectors who refrain from using
23  abusive debt collection practices are not competitively disadvantaged, and to promote
24  consistent State action to protect consumers against debt collection abuses.

25        3.      The California Legislature has found that: The banking and credit system
26  and grantors of credit to consumers are dependent upon the collection of just and
27  owing debts.  Unfair or deceptive collection practices undermine the public confidence
28  which is essential to the continued functioning of the banking and credit system and

COMPLAINT FOR DAMAGES

1  sound extensions of credit to consumers.

2  **PARTIES**

3  4.      Plaintiff ARNOLD PAUL MARTINEZ (hereinafter "Plaintiff"), who is

4  aged seventy-eight (78), is a natural person residing in Sonoma County, State of

5  California.  Plaintiff is a "consumer" within the meaning of *15 U.S.C. §1692a(3)* and a

6  "debtor" within the meaning of *Cal. Civil Code §1788.2(h)*.

7  5.      Defendant CREATIVE RECOVERY CONCEPTS INC., ("CRC"), is a

8  domestic corporation conducting business in the State of California engaged in the

9  business of debt collection with its principal office located at 8598 Utica Avenue, Suite

10  200, Rancho Cucamonga, CA 91730.  The principal purpose of CRC is the collection of

11  debts using the mail and telephone, and CRC regularly attempts to collect debts

12  alleged to be due another.  CRC is a "debt collector" within the meaning of *15 U.S.C.*

13  *§1692a(6) and Cal. Civil Code §1788.2(c)*.

14  6.      Defendant FRANKLIN J. LOVE ("Love") is a sole proprietorship, an

15  attorney, located at 800 South Barranca Avenue, Suite 100, Covina, CA 91723 that

16  engages in the business of debt collection in this judicial district in California.  LOVE is

17  a "debt collector" within the meaning of *15 U.S.C. §1692a(6)* and *Cal. Civil Code*

18  *§1788.2(c)*.

19  7.      At all relevant times, the action taken by LOVE was as an authorized

20  agent of CRC as CRC's attorneys.

21  8.      Pursuant to *Fox v. Citicorp Credit Services 15 F.3d 15707, 1505*, the actions

22  of the attorney are to be imputed to the client on whose behalf they are taken.

23  9.      At all relevant times, the actions taken by LOVE were in the scope of the

24  agency relationship in furtherance of LOVE's interest and therefore are imputed upon

25  LOVE.

26  10.      Because prior to these above described debt collection activities

27  occurring, CRC had retained LOVE as CRC's legal representative for the sole purpose

28  of collecting CRC's debts, and because LOVE was CRC's legal representative at the

COMPLAINT FOR DAMAGES

time the above described debt collection activities took place, and even continues to be CRC's legal representative today, and because the above described debt collection activities, acts and omissions of LOVE were conducted by LOVE at the direction and control of CRC.  LOVE's activities, acts and omissions are imputed on CRC under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically.  Consequently, any liability of LOVE is also the liability of CRC, as LOVE was attempting to collect debts for CRC and acting at the direction and control of ANNEX, when those illegal activities, acts and omissions occurred.

11.     Defendant JPMORGAN CHASE BANK ("CHASE") is a national bank and a foreign corporation conducting business in the State of California with its principal office located at 1111 Polaris Parkway, Columbus, OH 43240.

12.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 60, inclusive, and therefore sues these Defendants by fictitious names.  Plaintiff will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained.

13.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION

14.     The Court has jurisdiction over this matter pursuant to *28 U.S.C. §1331*, as well as *15 U.S.C. §1692 et seq.* and *28 U.S.C. §2201*.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to *28 U.S.C. §1367(a)*.

15.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et seq.* ("FDCPA").

## VENUE

16.     Venue is proper in this judicial district pursuant to *28 U.S.C. §1391(b)* in

COMPLAINT FOR DAMAGES

1   that a substantial part of the events or omissions giving rise to the claim occurred in

2   this judicial district.  Venue is also proper in this judicial district pursuant to *15 U.S.C.*

3   *§1692k(d)*, in that Defendants transact business in this judicial district and the

4   violations of the FDCPA complained of occurred in this judicial district.

5   <u>**FACTUAL ALLEGATIONS**</u>

6         17.     Plaintiff repeats, re-alleges, and incorporates by reference all of the

7   paragraphs above as though fully stated herein.

8         18.     Plaintiff incurred a financial obligation, namely a Home Equity Line of

9   Credit ("HELOC") from Wells Fargo Bank against his home located at 498 Westside

10  Road, Healdsburg, CA 95448 on June 4, 1992.  The Advanceline Line of Credit Deed of

11  Trust was recorded with the Sonoma County Recorder's Office under instrument

12  number 19920068464 on June 8, 1992.  The debt was incurred primarily for personal,

13  family or household purposes as is therefore a "debt" as that term is defined by *15*

14  *U.S.C. §1692a(5)* and a "consumer debt" as that term is defined by *Cal. Civil Code*

15  *§1788.2(f)*.

16        19.     Defendants CRC and LOVE allege that a Paul A. Martinez defaulted on

17  the mortgage payments.

18        20.     Plaintiff is informed and believes, and thereon alleges, that sometime

19  thereafter on date unknown to Plaintiff, the debt was consigned, placed or otherwise

20  transferred to Defendants CRC and LOVE for collection from Plaintiff.  Upon

21  information and belief, Defendants CRC and LOVE, on behalf of a third-party, began

22  efforts to collect an alleged consumer debt from Paul A. Martinez.

23        21.     Upon information and belief, and better known to the Defendants CRC

24  and LOVE, the Defendants CRC and LOVE began collection efforts from Paul A.

25  Martinez but were unable to collect on the alleged debt.  Defendants CRC and LOVE

26  filed a Summons and Complaint in the Superior Court of California, County of

27  Sonoma, Limited Civil Division under Case No. SC241016 on June 27, 2007.  The case is

28  entitled Creative Recovery Concepts, Inc. vs. Paul A. Martinez.  Plaintiff's name is

Arnold Paul Martinez and he uses an alias of A. Paul Martinez.  Defendants CRC and LOVE filed a lawsuit naming another person other than Plaintiff.

22.     Defendant LOVE attached a copy of the Advanceline Line of Credit Deed of Trust to the Complaint as Exhibit "1".  The Deed names the Trustor as A. Paul Martinez.  Plaintiff signed his name as A. Paul Martinez and the Notary Acknowledgement reflects A. Paul Martinez.

23.     The Non-Service Report signed on September 7, 2007 by J. Reed states that he completed an attempts of service on a Paul A. Martinez at an address located at 3962 Bisordi Lane, Fulton, CA 95439, which is the business location address of Superior Maintenance, Inc.  The property address is gated with a call button to be allowed access to the property during business hours.   The Report states, "refused to allow me access to the property".

24.     The Non-Service Report signed on October 10, 2007 by Mathew Lakota states that he completed a stakeout of the property on September 26, 2007 from 6:30 a.m. to 8:30 a.m. which is prior to regular business hours.  The Declaration states that no one came in or out of the locked gate.  It appears that there was another attempt on October 8, 2007 but there are no times listed for the attempt.  The Declaration states "BAD ADDRESS (BUSINESS)".

25.     Plaintiff was 69 years old in 2007 and completed occasional part-time work for Superior Maintenance and his work required him to be "in the field".  Plaintiff is unaware, if at the time the attempts for service were made, if he was actively working for Superior Maintenance.  Upon information and belief, Plaintiff believes that no attempts for service were made at his residence.  Plaintiff obtained his post office box which he still currently uses in 2007.

26.     On the Application for Publication which was filed on October 22, 2007, Alex Ortega states that "Prior to the filing of the lawsuit, research was made into locating an address for Defendant, Paul A. Martinez" and "Credit reports were run from two credit bureaus.  The Merlin databases were checked…  We also checked

white pages for phone records…"  Because Defendant CRC made these inquiries of Paul A. Martinez, no information would have been found for the Plaintiff, A. Paul Martinez.  The Affidavit in support of application for permission to accomplish service by publication was deficient on its face and materially misleading, and thus, subsequent Default Judgment was void.

27.     The Order for Publication was filed on October 26, 2007 and the Summons was published in the Sonoma County Herald Recorder naming Paul A. Martinez as a Defendant in the case.  If Plaintiff would have read the newspaper while the Summons was being published, Plaintiff would not have known that the named Defendant, Paul A. Martinez, was him.  The Publication of the Summons did not result in actual notice to the Plaintiff.

28.     Defendants CRC and LOVE filed a Request for Entry of Default and Court Judgment on March 17, 2008 which was not mailed to Plaintiff.  The Default Judgment was obtained against Paul A. Martinez and filed on March 26, 2008.

29.     Defendants CRC and LOVE mailed the Abstract of Judgment issued on April 30, 2008 and the Memorandum of Costs filed June 3, 2008 addressed to Paul A. Martinez to 3960 Bisordi Lane, Fulton, CA 95439.  Plaintiff did not receive his mail at this business address and did not receive said documents.

30.     The Writ of Execution dated October 16, 2015 and November 2, 2016 as well as the Memorandum of Costs filed September 8, 2015 and September 30, 2016 were all mailed to Paul A. Martinez at 56 Lark Place Drive, #C, Santa Rosa, CA 95403. Plaintiff has not lived at this address since 2008 and never received said documents.

31.     Plaintiff was informed of a Bank Levy of his bank account located at JPMorgan Chase on December 28, 2016 which was addressed to Paul A. Martinez, using Plaintiff's mailing address of P.O. Box 171, Fulton CA 95439, which was Plaintiff's first knowledge of any proceeding under case number SCV241016.

32.     Plaintiff received notice that Defendants had served a Notice of Levy on Defendant JPMORGAN CHASE for "Chase Bank" Any and all

COMPLAINT FOR DAMAGES

accounts in the name of the judgment debtor including but not limited to account number xxxxx7941".  The name of the judgment debtor listed is "Paul A. Martinez". The Writ of Execution issued states the defendant's name as "Paul A. Martinez" with an address other than the address listed on the account were money was withdrawn. The Notice of Levy named a person other than Plaintiff.   CHASE fraudulently levied bank accounts held in the name of the Plaintiff, A. Paul Martinez in the amounts of $44,308.70 and $5,035.33.

33.     Plaintiff's attorney, Therese S. Harris ("Harris") notified Defendants LOVE and CRC by correspondence dated January 17, 2017 that Defendants had filed suit against the wrong person and the Proof of Publication for Paul A. Martinez was invalid.  Ms. Harris asked Defendants CRC and LOVE to Vacate the Judgment, to take the Claim of Exemption Hearing immediately off calendar and to release all funds to Plaintiff.  Defendants failed and refused to vacate the judgment, take the Claim of Exemption hearing off calendar and release the levy on Plaintiff's bank accounts and return the funds to his accounts.

34.     Although Plaintiff filed a Claim of Exemption, Plaintiffs account did not fall within one of the exemptions and the court denied it but gave Plaintiff a stay of 15 days to file a motion to vacate and post a $100,000 bond.  After 15 days, the stay was lifted because Plaintiff was unable to post a $100,000 bond.  The money was then transferred from CHASE to the Sonoma County Sheriff's Department.

35.     Plaintiff's attorney, Harris, contacted CHASE on three separate occasions, where she provided a copy of the Notice of Levy and Writ of Execution, explaining that they withheld the money from the account of Plaintiff and not Paul A. Martinez. Harris' letter dated March 22, 2017 states as follows:

"I am representing A. Paul Martinez regarding Chase' illegal withdrawal of $44,308.70 and $5,035.33 from his bank accounts ending 3583 and 7941.

Chase Bank received a Notice of Levy for a Defendant Paul A. Martinez, which states as follows:

COMPLAINT FOR DAMAGES

**"Chase Bank   Any and all accounts in the name of the judgment debtor including but not limited to account number 957677941"**

The Writ of Execution attached to the Notice of Levy states the Judgment Debtor as Paul A. Martinez with an address of 56 Lark Place Drive, #C, Santa Rosa, CA 95403.  Your records will indicate that this is NOT the address of my client, A. Paul Martinez.  A copy of the Writ and Notice are attached for your information.

Chase Bank withdrew $44,308.70 from my client's bank account and delivered said funds to the Sonoma County Sheriff's Department.

As you can see from the Notice of Levy and the Writ, Paul A. Martinez is the judgment debtor, not my client A. Paul Martinez.  Paul A. Martinez and A. Paul Martinez are not one and the same.  Chase levied the wrong account.  By reason of the garnishment and the withholding of plaintiff's money on deposit in Chase Bank, as stated above, plaintiff in this action was wrongfully deprived of the use of his money from December 12, 2016 to present."

36.     To date, no funds have been returned to Plaintiff.

37.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to loss of use of funds.

38.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

39.     As a result of Defendants' conduct, Plaintiff had to file bankruptcy.

## FIRST CAUSE OF ACTION

**VIOLATIONS OF THE FAIR DEBT COLLECTION PREACTICES ACT**

**("FDCPA") (*15 U.S.C. §1692 et seq.*)**

**[As to Defendants CRC and LOVE and DOES 1 through 10]**

40.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint above and further allege as follows:

41.     Pursuant to *15 USC §1692e* – preface and e(10), prohibits a debt collector

COMPLAINT FOR DAMAGES

1   from using any false, deceptive or misleading representation or means in the

2   connection with the collection of any debt.

3        42.    Defendants violated *15 USC §1692e* – preface and e(10), when they

4   pursued a bank levy against Plaintiff after they were informed that the funds belonged

5   to Plaintiff who was not the named Defendant in the underlying case.

6        43.    *15 USC §1692e* – preface and e(2)A prohibits the false representation

7   of the character, amount or legal status of any debt.

8        44.    The Defendants violated *15 USC §1692e(2)A* when they failed to vacate

9   the judgment after they became aware that the Plaintiff was not the Defendant in the

10  underlying case.

11       45.    *15 USC §1692e* – preface and e(5) prohibits the threat to take any action

12  that cannot legally be taken or that is not intended to be taken.

13       46.    The Defendants violated *15 USC §1692e(5)* when they took action against

14  Plaintiff, Arnold Paul Martinez, when he was not named as the Defendant in the

15  underlying case.

16       47.    *15 USC §1692f* – preface and f(1) prohibits a debt collector from unfair or

17  unconscionable means to collect or attempt to collect any debt including the collection

18  of any amount unless such amount is permitted by law.

19       48.    The Defendants violated *15 USC §1692f – preface and f(1)* when they failed

20  to release $49,944.03 to Plaintiff after they were informed that the bank account

21  belonged to Plaintiff and not the judgment debtor Paul A. Martinez.

22       49.    As a result of Defendant's unfair and unconscionable means to collect on

23  a judgment for Plaintiff Paul A. Martinez when the person actually garnished was

24  someone other than the Plaintiff Paul A. Martinez, Plaintiff, A. Paul Martinez, suffered

25  shame and embarrassment and according to *15 USC §1692k(a)(1)*, Defendant is liable to

26  Plaintiff for damages sustained because of Defendant's failure to comply with *§1692 et*

27  *seq.* of Title 15 of the United States Code ("FDCPA") and other violations of the

28  FDCPA.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT

### COLLECTION PRACTICES ACT

### ("RFDCPA") (*California Civil Code §1788 et seq.*)

### [As to Defendants CRC and LOVE and Does 11 Through 20]

50.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint above and further allege as follows:

51.     Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), *California Civil Code §§ 1788-1788.33*.

*52.*     Plaintiff is a "debtor" as that term is defined by the RFDCPA, *Cal. Civil Code §1788.2(h)*.

53.     Defendants are "debt collector" as that term is defined by the RFDCPA, *Cal. Civil Code §1788.2(c)*.

54.     The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, *Cal. Civil Code §1788.2(f)*.

55.     Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.     Defendant is in violation of *§1788.17* by not complying with the provisions of Sections *§1692b* through *§1692j* of Title 15 of the United States Code as stated in the First Cause of Action.

56.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt of another, within the meaning of *Cal. Civil §1788.30(b)*.

57.     As a result of the Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to *Cal. Civil Code §1788.30(a)*.

58.     As a result of Defendants' willful and knowing violations of the

COMPLAINT FOR DAMAGES

1   RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less

2   than one Hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00),

3   pursuant to *Cal. Civil Code §1788.30(b).*

4        59.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled

5   to an award of statutory damages in an amount not exceeding $1,000.00 pursuant to

6   *Cal. Civil Code §1788.17.*

7        60.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled

8   to an award of reasonable attorney's fees and costs pursuant to *Cal. Civil Code §§*

9   *1788.30(c) and 1788.17.*

10       61.     Pursuant to *Cal. Civil Code §1788.32*, the remedies provided under the

11  RFDCPA are intended to be cumulative and in addition to any other procedures, rights

12  or remedies that the Plaintiff may have under any other provision of law.

13  **THIRD CAUSE OF ACTION**

14  **COMMISSION OF UNLAWFUL, UNFAIR, AND/OR FRAUDULENT**

15  **BUSINESS ACTS AND PRACTICES**

16  **(*Business & Professions Code §17200, et seq.*)**

17  **[As to all Defendants and DOES 21 Through 30]**

18       61.     Plaintiff incorporates by reference each and every allegation set forth in

19  the preceding paragraphs of this Complaint above and further allege as follows:

20       62.     Defendants acts, omissions, misrepresentations, practices, and/or non-

21  disclosures constituted unlawful, and/or fraudulent business practices acts and

22  practices within the meaning of California *Business & Professions Code §17200, et seq.*

23       63.     Plaintiff has suffered injury in fact and has lost money as a result of

24  Defendants unfair competition, including, but not limited to, their statutory damages

25  under the FDCPA and RFDCPA caused by Defendants acts.

26       64.     Defendants CRC and LOVE engaged in "unlawful" business acts and

27  practices when they failed to release $49,944.03 of Plaintiff money held by CHASE once

28  they were informed that the money was from the bank account of Plaintiff and not the

1   defendant Paul A. Martinez.

2       65.     Defendant CHASE engaged in "unlawful" business acts and practices by

3   the following: (1) by failing to verify that the name on the Notice of Levy and the Writ

4   of Execution, Paul A. Martinez, did not match Plaintiff's name, A. Paul Martinez, on

5   the accounts that Defendant placed a hold on; (2) by failing to release the hold on

6   Plaintiff, Arnold Paul Martinez's accounts once CHASE was made aware that they

7   unlawfully place a hold on the wrong person's account; and (3) by releasing Plaintiff,

8   Arnold Paul Martinez's funds to the Sonoma County Sheriff's Department per the

9   Notice of Levy and the Writ of Execution that named, Paul A. Martinez, a person other

10  than Plaintiff and other than Plaintiff's address.

11      66.     These business policies, acts, and/or practices were intended to and did

12  violate, *inter alia*, the *FDCPA, 15 USC §1692 et seq.* and the *RFDCPA, California Civil*

13  *Code §1788 et seq.*  Accordingly, Defendants violated *Business and Professions Code*

14  *§17200*'s proscription against engaging in an "unlawful" business act or practice,

15  specifically *§17500* and *§17531*.  Plaintiff seeks an order enjoining Defendants from

16  engaging in the acts, methods and practices as set forth in this Complaint and for

17  payment of restitution.

18      67.     Pursuant to *Cal. Civil Code §1709, et seq.*, a person committing deceit

19  upon another is liable for damages, "One who willfully deceives another with intent to

20  induce him to alter his position to his injury or risk, is liable for any damage which he

21  thereby suffers."

22      68.     Pursuant to *Business and Professions Code §42885*, it states, "It is

23  unlawful for any person, firm, corporation or association, or any employee thereof

24  with intent directly or indirectly to dispose of real or personal property or to perform

25  services, professional or otherwise, or anything of any nature whatsoever or to induce

26  the public to enter into any obligation relating thereto, to make or disseminate or cause

27  to be made or disseminated before the public in this state, or to make or disseminate or

28  cause to be made or disseminated from this state before the public in any state, in any

1    newspaper or other publication, or any advertising device, or by public outcry or

2    proclamation, or in any other manner or means whatever, including over the Internet,

3    any statement, concerning that real or personal property or those services, professional

4    or otherwise, or concerning any circumstance or matter of fact connected with the

5    proposed performance or disposition thereof, which is untrue or misleading, and

6    which is known, or which by the exercise of reasonable care should be known, to be

7    untrue or misleading, or for any person, firm, or corporation to so make or disseminate

8    or cause to be so made or disseminated any such statement as part of a plan or scheme

9    with the intent not to sell that personal property or those services, professional or

10   otherwise, so advertised at the price stated therein, or as so advertised. Any violation

11   of the provisions of this section is a misdemeanor punishable by imprisonment in the

12   county jail not exceeding six months, or by a fine not exceeding two thousand five

13   hundred dollars ($2,500), or by both that imprisonment and fine."

14        69.    Defendants CRC and LOVE have also engaged in a "fraudulent" business

15   acts or practices by CRC and LOVE fraudulently pursuing collection efforts against

16   Plaintiff and the misrepresentations and omissions of material facts more fully

17   described above, which have a tendency and likelihood to deceive other consumers in

18   collection of alleged debts.  Defendants CRC and LOVE engaged in fraudulent

19   business acts or practices when they failed to release $49,944.03 of Plaintiff's money

20   after they were informed that the money being withheld belonged to Plaintiff and not

21   the named Defendant, Paul A. Martinez, in the underlying case.

22        70.    Defendant CHASE has also engaged in "fraudulent" business acts or

23   practices by CHASE fraudulently placing a hold on Plaintiff's accounts and the

24   misrepresentations and omissions of material facts more fully described above, which

25   have a tendency and likelihood to harm other consumers who hold accounts with

26   Defendant.  Defendant CHASE engaged in fraudulent business acts or practices by (1)

27   by fraudulently placing a hold on Plaintiff, Arnold Paul Martinez's accounts number

28   ending 3583 per a Notice of Levy and Writ of Execution which named Paul A.

COMPLAINT FOR DAMAGES

1  Martinez with a bank account ending in 7941; and (2) by fraudulently releasing
2  Plaintiff Arnold Paul Martinez's funds to the Sonoma County Sheriff's Department per
3  the Notice of Levy and Writ of Execution that named, Paul A. Martinez, a person other
4  than Plaintiff.

5       71.    Defendants CRC and LOVE have also engaged in an "unfair" business
6  act or practice in that the justification for collection of debts based on the fraudulent
7  misrepresentations and omissions of material facts delineated above, is outweighed by
8  the gravity of the resulting harm, particularly considering the available alternatives,
9  and offends public policy, is immoral, unscrupulous, unethical, and offensive, or
10 causes substantial injury to consumers.

11      72.    Defendant CHASE has engaged in an "unfair business act or practice in
12 that the justification for placing a hold on consumer accounts based on the fraudulent
13 misrepresentations and omissions of material facts delineated above, is outweighed by
14 the gravity of resulting harm, particularly considering the available alternatives, and
15 offends public policy, is immoral, unscrupulous, unethical, and offensive, or causes
16 substantial injury to consumers.

17      73.    The above described unlawful, fraudulent, and/or unfair business acts
18 and/or practices conducted by Defendants continue to this day and present a threat to
19 Plaintiff and the general public in that Defendants have failed to publicly acknowledge
20 the wrongfulness of their actions and provide full equitable injunctive and monetary
21 relief as required by the statute.

22      74.    The *California Unfair Competition Law ("UCL")* prohibits "unfair
23 competition," which is defined by *Business and Professions Codes §17200*, which
24 provides "unfair competition shall mean and include any unlawful, unfair or
25 fraudulent business act or practice and unfair, deceptive, untrue or misleading
26 advertising…"

27      75.    Because *Business and Professions Code §17200* is written in the
28 disjunctive, it establishes three varieties of unfair competition – acts or practices which

1    are unlawful, or unfair, or fraudulent." *Podolsky v. First Healthcare Corp. (1996) 50*

2    *Cal.App.4th 632, 647*.

3         76.    The *UCL* is worded broadly, which has led the California Supreme Court

4    to observe that it "was intentionally framed in its broad, sweeping language, precisely

5    to enable judicial tribunals to deal with the innumerable 'new schemes which the

6    fertility of man's invention would contrive.'" *Barquis v. Merchants Collection Association*

7    *of Oakland, Inc. (1972) 7 Cal.3d 94, 112*, quoting *American Philatelic Society v. Claibourne*

8    *(1935) 3 Cal.2d 689, 698*.

9         77.    Because it contains no express intent, knowledge, or negligence

10   requirement, the *UCL* "imposes strict liability." (See *Searle v. Wyndham International,*

11   *Inc. (2002) 102 Cal.App.4th 1327, 1333.*) Nor is it "necessary to show that the defendant

12   intended to injure anyone." See *Hewlett v. Squaw Valley Ski Corp. (1997) 54 Cal.App.4th*

13   *499, 520* [citation omitted].

14        78.    The *UCL* has a four-year statute of limitations that commences when the

15   cause of action accrues. (*Business and Professions Code §17208.*) The *UCL*'s four-year

16   statute of limitations govern even where the predicate law upon which allegations of

17   unlawful business conduct are based has a different limitations period. (See *Cortez v.*

18   *Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 178-179*). The continuing

19   violations doctrine permits recovery for conduct outside of the limitations period if

20   that conduct "constitutes a continuing pattern and course of conduct as opposed to

21   unrelated discrete acts. If there is a pattern, then the suit is timely if the action is filed

22   within the statutory period of the most recent violations." *Komorava v. National Credit*

23   *Acceptance, Inc. (2009) 175 Cal.App.4th 324, 343* [citations omitted].

24        79.    The remedies for a violation of the *UCL* include injunctive relief and

25   restitution. (*Business and Profession Code §17203*). The remedies available under the

26   *UCL* are in addition to those available under other laws. *Business and Professions Code*

27   *§17205* declare that, "[u]nless otherwise expressly provided, the remedies or penalties

28   provided by [the *UCL*] are cumulative… to the remedies or penalties available under

1    all other laws of this state." *The People v. McKale (1979) 25 Cal.3d 626, 633*.

2        80.    "By defining unfair competition to include any 'unlawful… business act

3    or practice,' the *UCL* permits violations of other laws to be treated as unfair

4    competition that is independently actionable." *Kasky v. Nike, Inc. (2002) 27 Cal.4th 939,*

5    *949*.

6        81.    The Unlawful Prong of *§17200* "embrac[es] anything that can properly be

7    called a business practice and that at the same time is forbidden by law." (*Rubin v.*

8    *Green (1993) 4 Cal.4th 1187, 1200* [internal quotation marks omitted].) It "borrows

9    violations of other laws and treats them as independently actionable." *Daugherty v.*

10    *American Honda Motor Co., Inc. (2006) 144 Cal.App.4th 824, 837*.

11        82.    "Virtually any state, federal or local law can serve as the predicate for an

12    action under *Business and Professions Code §17200*." (*Podolsky v. First Healthcare Corp.,*

13    *supra, 50 Cal.App.4th at p. 647*). The *UCL* thus prohibits "any practices forbidden by law,

14    be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-

15    made." *Saunders v. Superior Court (California Reporting Alliance) (1994) 27 Cal.App.4th*

16    *832, 838-839*.

17        83.    "By defining unfair competition to include also any 'unfair or fraudulent

18    business act or practice' [citation], the *UCL* sweeps within its scope acts and practices

19    not specifically proscribed by any other law." *Kasky v. Nike, Inc., supra, 27 Cal.4th at p.*

20    *949*.

21        84.    Unlawful prong claims may be brought regardless of whether the

22    underlying statute provides a private right of action. See *Stop Youth Addiction, Inc. v.*

23    *Lucky Stores, Inc., 17 Cal.4th 553 (1998)*.

24        85.    The Unfair Prong of *§17200* "provides an independent basis for relief."

25    (*Smith v. State Farm Mutual Automobile Insurance Co., (2001), 93 Cal.App.4th 700, 718*). "It

26    is not necessary," therefore, "for a business practice to be 'unlawful' in order to be

27    subject to an action under the unfair competition law." (<u>Id</u>.) "In general the

28    'unfairness' prong 'has been used to enjoin deceptive or sharp practices…' [Citation.]

COMPLAINT FOR DAMAGES

1   *South Bay Chevrolet v. General Motors Acceptance Corp., (1999), 72 Cal.App.4th 861, 887.*

2      86.    The unfair prong of the *UCL* makes unlawful practices that violate

3   legislatively stated public policy, even if that activity is not technically prohibited by

4   statute.

5      87.    The courts of this state have adopted several tests for determining

6   whether a business act or practice is unfair.  A business practice is unfair "when that

7   practice 'offends an established public policy or when the practice is immoral,

8   unethical, oppressive, unscrupulous or substantially injurious…"  *State Farm Fire &*

9   *Casualty Co. v. Superior Court (1996) 45 Cal.App.4th 1093, 1104*, quoting *The People v. Casa*

10  *Blanca Convalescent Homes, Inc. (1984) 159 Cal.App.3d 509, 530.*

11     88.    Another "test of whether a business practice is unfair involves an

12  examination of [that practice's] impact on its alleged victim, balanced against the

13  reasons, justifications and motives of the alleged wrongdoer.  In brief, the court must

14  weigh the utility of the defendant's conduct against the gravity of the harm to the

15  alleged victim…"  *State Farm Fire & Casualty Co. v. Superior Court, supra, 45 Cal.App.4th*

16  *at pp. 1103-1104* [citations and internal quotations marks omitted].

17     89.    It also is an unfair business practice when the defendant's conduct

18  "threatens an incipient violation of [a law], or violates the policy or spirit of [a law]

19  because its effects are comparable to or the same as a violation of the law, or otherwise

20  significantly threatens or harms competition."  *Cal-Tech Communications, Inc. v. Los*

21  *Angeles Cellular Telephone Co. (1999) 20 Cal.4th 163, 187.*

22     90.    More recently, one Court of Appeal has fashioned a test for determining

23  whether a practice is unfair based upon *Section 5* of the *Federal Trade Commission Act*

24  (*United States Code, title 15, section 41 et seq.*).  Under this test, "[a]n act or practice is

25  unfair if [1] the consumer injury is substantial, [2] is not outweighed by any

26  countervailing benefits to consumers or to competition, and [3] is not an injury the

27  consumers themselves could reasonably have avoided."  (*Daugherty v. American Honda*

28  *Motor Co., Inc., (2006) 144 Cal.App.4th 824, 839* [bracketed numbers added].

COMPLAINT FOR DAMAGES

91.     The Fraudulent Prong of *§17200* "affords protection against the probability or likelihood as well as the actuality of deception or confusion." (*Payne v. United California Bank (1972) 23 Cal.App.3d 850, 856.*)  The test is whether "members of the public are likely to be deceived." [Citation.} (*In re Tobacco II Cases (2009) 46 Cal.4th 298, 312.*)  As the California Supreme Court has explained, "our concern with thwarting unfair trade practices has been such that we have consistently condemned not only those alleged unfair practices which have in fact deceived the victims, but also those which are likely to deceive them." (*Fletcher v. Security Pacific National Bank (1979) 23 Cal.3d 442, 451.*)

92.     A *UCL* action alleging violations of the fraudulent prong is "distinct from common law fraud." (*In re Tobacco II Cases, supra, 46 Cal.4th at p. 312.*)  "A fraudulent deception must be actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages.  None of these elements are required to state a claim for injunctive relief under 17200…"  *Day v. AT&T Corp. (1998) 63 Cal.App.4th 325, 332.*)  "This distinction reflects the *UCL*'s focus on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices."  *In re Tobacco II Cases, supra, 46 Cal.4th at p. 312.*

93.     Defendants, and each of them, have committed unlawful, unfair, and fraudulent business acts involving collection of debt in the name of another.

94.     The conduct of Defendants intentional or reckless actions was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that is outlined more fully above, and, as a result, Defendants are liable to the Plaintiff for the full statutory, restitution, actual and punitive damages, to the extent permitted, along with the attorney's fees, if allowable, severe emotional distress and the costs of litigation, an injunction prohibiting further such violations, as well as such other further relief, as may be permitted by law.

COMPLAINT FOR DAMAGES

95.     Pursuant to *Business and Professions Code §17203*, the Plaintiff may seek an order of this Court requiring Defendants to immediately cease such acts of unfair competition and enjoining Defendants from continuing to conduct business via the unlawful, fraudulent, and/unfair business act and practice set forth in this Complaint and from failing to fully disclose the true nature of their misrepresentations, and ordering Defendants to engage in a corrective notice and advertising campaign. Plaintiff additionally requests an order from the Court requiring Defendants to provide complete equitable monetary relief so as to prevent Defendants from benefitting from the practices that constitute unfair competition or the use or employment of any monies resulting from the sale of these vehicles and warranties, including requiring the payment of restitution of any monies as may be necessary to restore any money or property which may have been acquires by means of such acts of unfair competition.

96.     Plaintiff is informed and believes, and based thereon alleges, that the wrongful acts and/or omissions of Defendants, as alleged above, are a serious and continuing threat to the Plaintiff and the public.  If Defendants are allowed to continue their wrongful acts, Plaintiff and the public will suffer further immediate and irreparable injury, loss, and damage.  Plaintiff is further informed and believe, and based thereon allege, that, in the absence of a temporary restraining order and preliminary and permanent injunctions as prayed for below, Defendants will continue to violate *Cal. Civil Code §1750 et seq*. and *§2981 et seq*. and the rights of Plaintiff and the public to full and truthful disclosure, as required herein.

97.     Plaintiff seeks an order, pursuant to *Business and Professions Code §17203*, enjoining Defendants CRC and LOVE from continuing to harm Plaintiff by pursing collection efforts against Plaintiff during the time this action is pending.

98.     Plaintiff seeks an order, pursuant to *Business and Professions Code §17536,* that Defendants be assessed to maximum civil penalty for each and every violation of the *Business and Professions Code §17500*, according to proof at the time of trial.

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**CONVERSION**

**[As to JPMorgan Chase Bank and DOES 31 through 40]**

99.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint above and further allege as follows:

100.     At all times herein relevant, Plaintiff was the rightful owner of the cash deposited into his accounts with Defendant CHASE, and the account holder and owner of the respective account(s).  As such, Plaintiff owned, possessed, or maintained a right to possess and direct the distribution or payment of said monetary deposits entrusted to Defendant.

101.     At all relevant times herein mentioned, Defendant intentionally took possession of the accounts and monies entrusted to them by Plaintiff for an unreasonable and significant period of time due to a Writ of Execution and Notice of Levy for a Paul A. Martinez, preventing Plaintiff from having access to the cash proceeds entrusted to Defendant, and which were necessary and vital to Plaintiff's life.

102.     Defendant took possession of Plaintiff's Chase Bank account ending in #7941, as well as a Chase Bank account ending in #3583, which belonged to Plaintiff not to Paul A. Martinez, the name of the Notice of Levy and Writ of Execution.

103.     Defendant illegally took possession of Plaintiff's account ending #7941 and #3583 when the Notice of Levy clearly stated that the Judgment Debtor's name was Paul A. Martinez.  The Writ of Execution also stated that the Judgment Debtor was Paul A. Martinez, with an address of 56 Lark Place Drive, #C, Santa Rosa, California 95402.  Although the Notice of Levy listed the social security number and only one bank account number of Plaintiff, that information could have been procured from several sources.  CHASE did not exercise due diligence prior to levying Plaintiff's account ending #7941 and #3583, in that neither the name or the address on the Writ of Execution or the name on the Notice of Levy was the name and address of the Plaintiff.

104.     Defendant had no right to take possession of the bank accounts at the

1   time they took possession.  Defendant took possession willfully.  Defendant failed to

2   return the monies held in the account when requested and when it was brought to

3   Defendant's attention that the name and address on the Notice of Levy and the Writ of

4   Execution was not that of the Plaintiff.

5       105.    At all relevant times herein mentioned, Plaintiff did not consent, and

6   demanded that Defendant return their cash proceeds to them to prevent further harm

7   and damage to the Plaintiff.  The conduct of Defendants, as alleged herein, was a

8   substantial factor in causing the harm and damages to Plaintiffs.  Plaintiff demands

9   punitive damages for the wrongful taking and retention by Defendants of Plaintiff's

10  property.

11                          **FIFTH CAUSE OF ACTION**

12                          **BREACH OF CONTRACT**

13              **(As to JPMorgan Chase Bank and DOES 41 through 50)**

14      106.    Plaintiff incorporates by reference each and every allegation set forth in

15  the preceding paragraphs of this Complaint above and further allege as follows:

16      107.    At all relevant times herein mentioned, Plaintiff did enter into a

17  contractual agreement for the provision of various banking products and services.  In

18  the furtherance of the contractual agreements, Plaintiffs did execute signature cards

19  and various other documents which reflected the promise by Defendant CHASE to

20  provide deposit accounts, cash management services, and other similar bank products

21  and services to Plaintiffs, for which said Defendant did charge Plaintiffs various fees

22  and charges.

23      108.    At all relevant times herein mentioned, Plaintiff did fulfill each and every

24  obligation under the terms of the various agreements between Plaintiff and Defendant

25  herein.

26      109.    On or about February 23, 2017, Defendant did breach the contractual

27  agreement with Plaintiff by, among other things, (1) by wrongfully withholding

28  Plaintiff's necessary operating funds by freezing the Plaintiff's bank accounts in

1   violation of the terms of the agreement, and in violation of applicable law; (2) by failing

2   to promptly and properly respond to Plaintiff's inquiries about the status of, and

3   Defendants' management and handling of, Plaintiffs' bank accounts; (3) by delivering

4   Plaintiff's funds to the Sonoma County Sheriff's Department without an correct and

5   appropriate Court order; and (4) by failing to act in good faith and deal fairly with

6   Plaintiff and by taking actions which deprived Plaintiff of the benefits of their

7   contractual agreement.

8       110. As a direct and proximate result of the breach of said contractual

9   agreements by Defendant, Plaintiff suffered special, general, compensatory, and

10  consequential damages, in a sum according to proof at the time of trial.  Plaintiff is

11  entitled to attorney fees in a sum according to proof at the time of trial.

12                          **SIXTH CAUSE OF ACTION**

13          **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

14              **(As to all Defendants and DOES 51 through 60)**

15      111.    Plaintiff incorporates by reference each and every allegation set forth in

16  the preceding paragraphs of this Complaint above and further allege as follows:

17      112.    The elements of intentional infliction of emotional distress are: (1) the

18  Defendants acted intentionally or recklessly, (2) Defendants' conduct was extreme and

19  outrageous, and (3 Defendants conduct was the cause of (4) Plaintiffs' severe emotional

20  distress.  *Rest. 2d of Torts, §46*.  Recognized in California since the California Supreme

21  Court's ruling in *State Rubbish Collectors Association v. Siliznoff*, it affords direct and

22  specific protection to a legally recognized interest in emotional and mental tranquility.

23  *State Rubbish Collectors Association v. Siliznoff, 38 Cal.2d 330 (Cal. 1952)*.

24      113.    Behavior may be considered "outrageous" if the defendant abuses a

25  relation or position that gives defendant power to damage plaintiff's interest, or acts

26  intentionally or unreasonably with the recognition that the acts are likely to result in

27  illness through mental distress."  See *McDaniel v. Gile (1991), 230 CA3d 363, 372*.  The

28  California Supreme Court also held that behavior may be considered "outrageous" if

1  defendant abuses a position that gives defendant actual or apparent authority over

2  plaintiff, or power to affect plaintiff's interest.  See *Cole v. Fair Oaks Fire Protection Dist.*

3  *(1987) 43 CA3d 148, 156*.

4       114.    Defendant CRC and LOVE acted recklessly when failed to release

5  $49,9443.03 of Plaintiff's money held at Chase Bank pursuant to their Notice of Levy

6  and Writ of Execution naming judgment debtor as Paul A. Martinez, not Plaintiff

7  herein.

8       115.    CRC's actions were outrageous in that their conduct exceed all bounds of

9  what is tolerated in a civilized community.  CRC and LOVE levied Plaintiff's bank

10  accounts when they did not have the legal authority to do so.  CRC and LOVE were

11  informed that the bank was withholding $49,944.03 of Plaintiff's bank account and they

12  failed to release said funds after it was brought to their attention that the funds

13  belonged to Plaintiff and not the judgment debtor Paul A. Martinez.  Plaintiff is a

14  seventy-eight (78) year old man.  CRC and LOVE acted outrageously in that they

15  willfully took advantage of Plaintiff due to his age.

16       116.    CRC and LOVE used their position to gain power over Plaintiff to affect

17  Plaintiff's interest.   CRC's intentional, reckless and outrageous actions are a direct and

18  proximate cause of Plaintiff's severe emotional distress over possible continued legal

19  action and possible financial repercussions, manifested by extreme anxiety, loss of self-

20  esteem, headaches, depression and other emotional issues.

21       117.    Defendants CRC and LOVE owed Plaintiff a duty of care when they

22  attempted to collect on a Default Judgment, by way of Writ of Execution, when

23  Plaintiff was not the person named.  Defendants CRC and LOVE are well-versed in the

24  collection of debts and they acted intentionally or at least recklessly when they failed to

25  release $49,944.03 belonging to Plaintiff who was not the named defendant in the

26  underlying lawsuit.

27       118.    Defendant CHASE acted intentionally and recklessly when they levied

28  Plaintiff's bank accounts when the name, address and account number ending #3583

1    was not that of Plaintiff on the Notice of Levy and on the Writ of Execution.  Defendant

2    acted recklessly when they failed to confirm the identity of the Defendant named on

3    the Notice of Levy with the identity of the Plaintiff.  Plaintiff's accounts held by

4    Defendant are in the name of A. Paul Martinez.  Once they became aware of their

5    mistake, they failed to return the funds back to Plaintiff.

6           119.    CHASE's actions were outrageous in that their conduct exceeds all

7    bounds of what is tolerated in a civilized community.  Defendant withdrew all monies

8    in Plaintiff's bank accounts when they did not have the legal authority to do so.

9    Defendant outrageously used their position to gain power over Plaintiff and Plaintiff's

10   interests.   Plaintiff is a seventy-eight (78) year old man.  CHASE acted outrageously in

11   that they willfully took advantage of Plaintiff due to his age.  Defendant's intentional,

12   reckless and outrageous actions are a direct and proximate cause of Plaintiff's severe

13   emotional distress over possible continued legal action and possible financial

14   repercussions, manifested by extreme anxiety, loss of self-esteem, headaches,

15   depression and other emotional issues.

16          120.    Defendants conduct are not merely rude or obnoxious, but rather an

17   intentional attack on Plaintiff's home, his credit, and his piece of mind from a position

18   of superior power and authority.  Because Defendants have the knowledge in

19   collection of debt and the banking industry, and know or should know the laws of

20   such, they are in a position that gives them actual and apparent authority over

21   Plaintiff, and power to affect Plaintiff's interest.  Therefore, Defendants' actions were

22   outrageous.

23          121.    As a direct and proximate result of Defendants' intentional or reckless

24   actions, as set forth above, Plaintiff suffered and continue to suffer, general and special

25   damages in an amount to be determined at trial, including attorneys' fees and costs of

26   bringing this suit, and severe emotional distress.

27                          **DEMAND FOR TRIAL BY JURY**

28          122.    Plaintiff hereby respectfully requests a trial by jury for all claims and

COMPLAINT FOR DAMAGES

1    issues in its Complaint to which it is or may be entitled to a jury trial.

2    **PRAYER FOR RELIEF**

3    **WHEREFORE**, Plaintiff requests that this court:

4    a.    Assume jurisdiction in this proceeding;

5    b.    Declare that Defendants CRC and LOVE violated the Fair Debt

6          Collection Practices Act, 15 U.S.C. §1692e; §1692e(10); §1692e(2)A;

7          §1692e(5) and §1692f;

8    c.    Declare that Defendant CRC and LOVE violated the Rosenthal

9          Fair Debt Collection Practices Act, Cal. Civil Code §1788.17;

10   d.    Award Plaintiff actual damages in an amount to be determined at

11         trial, pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civil Code

12         §1788.30(a);

13   e.    Award Plaintiff statutory damages in an amount not exceeding

14         $1,000, pursuant to 15 U.S.C. §1692d(a)(2)(A);

15   f.    Award Plaintiff a statutory penalty in an amount not less than

16         $100 or greater than $1,000, pursuant to Cal. Civil Code

17         §1788.30(b);

18   g.    Award Plaintiff statutory damages in an amount not exceeding

19         $1,000, pursuant to Cal. Civil Code §1788.17;

20   h.    Award Plaintiff the costs of this action and reasonable attorney's

21         fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civil Code §§

22         1788.17 and 1788.30(c);

23   i.    Award Plaintiff such other and further relief as may be just and

24         proper.

25   DATED: April 5, 2017                    Respectfully Submitted

26

27                                          /s/ Therese S. Harris

28                                          THERESE S. HARRIS, ESQ.
                                            Attorney for Plaintiff, Arnold Paul Martinez

Case #                          **26 of 26**                    *Martinez v. CRC et al*

COMPLAINT FOR DAMAGES